COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634) (jcrittenden@cooley.com)
GAVIN L. CHARLSTON (253899) (gcharlston@cooley.com)
101 California Street, Fifth Floor
San Francisco, California 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff
Nintendo of America Inc.

E-filing

FILED
APR 12 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10 1563 PVT

| NINTENDO OF AMERICA INC., a Washington corporation, | Case No. |
| --- | --- |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MANNY SERRANO, an individual, | |
| Defendant. | |

Plaintiff Nintendo of America Inc. alleges as follows:

### THE PARTIES

1. Plaintiff Nintendo of America Inc. ("NOA") is a Washington Corporation having its principal place of business at 4600 150th Avenue N.E., Redmond, Washington 98052-5113.

2. On information and belief, Defendant Manny Serrano ("Defendant") is an individual residing at 377 Wagleg Lane, McKinleyville, California 95519.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant in that Defendant's willful actions herein alleged took place in this jurisdiction; Defendant, on information and belief, resides in this jurisdiction; and Defendant has consented to jurisdiction under 17 U.S.C. § 512(g)(3)(D).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to this claim occurred in this judicial district and, on information and belief, Defendant resides in this district.

### GENERAL ALLEGATIONS

6. NOA has offered high quality home and portable video game products and related merchandise in the United States since the early 1980s.

7. NOA is a subsidiary of Nintendo Co., Ltd. of Kyoto, Japan ("NCL"). NCL, along with its subsidiaries, is a worldwide leader in the development, marketing, and distribution of video game products. NCL and its subsidiaries manufacture and market hardware and software for home video game systems. NOA oversees NCL's operations in the Western Hemisphere.

8. NOA and NCL, along with other parties under contract with the Nintendo companies, are the co-developers and promoters of the copyrighted series of *Legend of Zelda* video games and related merchandise (referred to collectively herein as the "*Zelda* Materials"). The video game series features a recurring protagonist, Link, who is often tasked with rescuing Princess Zelda and fighting enemies, including a character known as Ganon. The series, video games, and merchandise are immensely popular, and to date NCL and its subsidiaries around the world have sold over 50 million copies of *Zelda*-branded video games globally.

9. In 1998, NOA and NCL released *The Legend of Zelda: Ocarina of Time*, a video game developed for the Nintendo 64 console featuring Link, Princess Zelda, and Ganon, among other characters. The game has since been re-released on the Nintendo GameCube and Nintendo Wii consoles globally.

10. On information and belief, in 2009 an entity known as "BMB Finishes" released a feature film entitled *The Hero of Time*. According to a website associated with the film at http://theherooftime.com, the storyline closely tracks that of *The Legend of Zelda: Ocarina of Time* video game and features depictions of characters from the *Zelda* series including Link, Princess Zelda, and Ganon.

11. On information and belief, the makers of *The Hero of Time* had access to the *Zelda* Materials due to the widespread popularity of NOA and NCL's *Legend of Zelda* franchise. NOA

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1170119 v2/SF

2.

COMPLAINT

alleges that the contents of *The Hero of Time* are substantially similar to its copyrighted *Zelda* Materials and its copyrighted *The Legend of Zelda: Ocarina of Time* video game.

12. Upon information and belief and as reflected at http://theherooftime.com, in December 2009 the makers of *The Hero of Time* discontinued distribution and public display of the film in apparent recognition of the fact that the film infringed NOA and NCL's copyright and trademark rights in the *Zelda* Materials.

13. Although *The Hero of Time* is no longer formally distributed or offered for viewing by its makers, on information and belief third parties have posted unauthorized copies, previews, and other content from the film on the Internet, including on the YouTube video-sharing website (http://youtube.com). Due to the infringing nature of the film, NOA has vigorously pursued the removal of this content from the Internet under the Digital Millennium Copyright Act.

14. In March 2010, NOA learned that Defendant, under the user name "Aleece3775" and associated email address "armoredheart27@yahoo.com," had posted videos to the YouTube video-sharing website featuring clips of *The Hero of Time* at http://www.youtube.com//watch?v=RpKtWtWc0_E. On or about March 29, 2010, NOA, through its counsel, submitted a copyright takedown notice under 17 U.SC. § 512(c)(3) to YouTube, advising that the "video visuals, audio and title [of Defendant's posting] infringe [NOA] copyright and trademark rights" and satisfying the remaining statutory requirements. A true and correct copy of YouTube's confirmation of NOA's takedown notice is attached hereto as Exhibit A and incorporated herein by reference.

15. On or about April 1, 2010, NOA, through its counsel, received notice from YouTube that Defendant had submitted a counter-notification under 17 U.S.C. § 512(g)(3), swearing under penalty of perjury that he has "a good faith belief that the material was removed due to a mistake or misidentification of the material to be removed or disabled." A true and correct copy of the counter-notification is attached hereto as Exhibit B and is incorporated herein by reference.

16. On information and belief, due to the blatantly infringing nature of *The Hero of Time*, Defendant has knowingly and materially misrepresented that his postings were removed or

disabled by mistake or misidentification when that is not in fact the case.

### FIRST CAUSE OF ACTION

### (COPYRIGHT INFRINGEMENT)

17. NOA incorporates by reference Paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. NOA is the owner of multiple U.S. copyright registrations for its *Zelda* Materials, including, among others, U.S. Copyright Reg. Nos. PA 901-848 (THE LEGEND OF ZELDA: OCARINA OF TIME (N64 VERSION)); PA 1-370-023 (THE LEGEND OF ZELDA: TWILIGHT PRINCESS); PA 1-276-015 (THE LEGEND OF ZELDA: A LINK TO THE PAST/FOUR SWORDS); PA 1-264-826 (THE LEGEND OF ZELDA FOUR SWORDS ADVENTURE); PA 941-058 (THE LEGEND OF ZELDA: MAJORA'S MASK); and PA 575-040 (THE LEGEND OF ZELDA: A LINK TO THE PAST). True and correct copies of these copyright registration certificates are attached hereto as Exhibit C and incorporated herein by reference.

19. The *Zelda* Materials—including the *Legend of Zelda* video games, underlying software code, visual depictions of, and characters featured within those video games—are copyrightable subject matter under the laws of the United States. NOA is, and at all relevant times has been, the owner of all right, title, and interest in the *Zelda* Materials, including all copyrights therein.

20. NOA has complied with the Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyright of the *Zelda* Materials.

21. By his actions, as alleged above, Defendant has infringed and will continue to infringe NOA's copyrights in and relating to the *Zelda* Materials by distributing or displaying unauthorized depictions of NOA's copyrighted *Zelda* Materials. Defendant is therefore liable for direct infringement, contributory infringement, and/or vicarious liability under the Copyright Act.

22. As a result of Defendant's actions, NOA is suffering and will continue to suffer irreparable harm. NOA has no adequate remedy at law for its injuries, and unless Defendant is restrained by appropriate injunctive relief from displaying clips or the entirety of *The Hero of*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1170119 v2/SF

4.

COMPLAINT

*Time*, NOA will continue to suffer injury to its business, good will, and reputation.

23. As a result of Defendant's actions, NOA has suffered actual damages and/or is entitled to recovery of statutory damages in an amount to be proven at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, NOA prays for relief as follows:

1. For a preliminary and permanent injunction requiring Defendant to refrain from infringing NOA's copyrights in its *Zelda* Materials and to cease any and all beneficial use of the *Zelda* Materials through his publication of *The Hero of Time*, in whole or in part.

2. For a preliminary and permanent injunction restricting Defendant, his agents, servants, employees, and all other persons acting in concert or participating with him, from distributing, posting, or displaying any contents of *The Hero of Time*.

3. For an order under 17 U.S.C. § 503 requiring Defendant to deliver up all physical and electronic copies of the *The Hero of Time* film, including any derivatives or modified versions thereof, in his possession, custody, or control, and for an order directing the destruction or other reasonable disposition of the same.

4. For recovery of NOA's attorneys' fees and costs associated with this action under 17 U.S.C. § 512(f) due to Defendant's knowing and material misrepresentation that the infringing content was removed or disabled from the YouTube website by mistake or misidentification

5. For such other and further relief as the Court deems just and proper.

Dated: April 12, 2010

COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN
GAVIN L. CHARLSTON

_____
John W. Crittenden
Attorneys for Plaintiff Nintendo of America Inc.